UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF HIGHLAND PARK,

    Plaintiff,                                 Case No. 2:17-cv-12993

v.                                        HONORABLE STEPHEN J. MURPHY, III

CITY OF DETROIT, et al.,

    Defendants.

_____/

**OPINION AND ORDER DISMISSING CASE AND FINDING
DEFENDANTS' MOTIONS TO DISMISS [16, 17] MOOT**

On September 12, 2017, Plaintiff filed a complaint that alleged three claims against Defendants City of Detroit ("Detroit"), Detroit Water and Sewerage Department ("DWSD"), and Great Lakes Water Authority ("GLWA") (collectively, "Defendants"). ECF 1. Plaintiff's claims all relate to a 1996 federal court consent judgment ("Consent Judgment") between Plaintiff and Detroit, which was issued as one discrete part in a long history of litigation between the parties. As recently as 2013, Detroit sued Highland Park alleging claims that included breach of contract for Highland Park's alleged failure to timely pay its sewer rates. *See Detroit v. City of Highland Park*, 2:13-cv-14827 (E.D. Mich.) (hereinafter "*Detroit I*"), ECF 1. Detroit relied upon the Consent Judgment as the basis of the federal court's jurisdiction over its breach-of-contract claim. *Id.* The Court (Cox, J.), dismissed the claim for lack of subject-matter jurisdiction. *Detroit I*, ECF 11.

Detroit subsequently filed the same case against Highland Park in state court, which found in Detroit's favor but later stayed judgment pending resolution of a counterclaim filed in the case by Highland Park. ECF 20, 27-1. In that state court

counterclaim, Highland Park sought a declaratory judgment that the Consent Judgment currently governs sewage rates between the parties and constitutes Highland Park's sole payment obligation to Detroit. ECF 16-9.

Subsequently, Highland Park filed the present lawsuit. Plaintiff brings a breach-of-contract claim and seeks declaratory judgment that it is in compliance with the Consent Judgment and that GLWA is in contempt of court for breaching the Consent Judgment. ECF 1. Plaintiff asserts federal court jurisdiction over the complaint based on "the Court's inherent power to enforce its own judgments" regarding the Consent Judgment. *Id.* at 6–7. The Court finds, however, that it does not have subject-matter jurisdiction over the breach-of-contract claim and will further exercise its discretion to decline jurisdiction over the two declaratory judgment claims.

## DISCUSSION

I.     Breach-of-Contract Claim

"Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Further, "federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998) (citation omitted), *abrogated on other grounds by Thomas v. Miller*, 489 F.3d 293 (6th Cir. 2007); *see also Walbridge Aldinger Co. v. City of Detroit*, 296 F. App'x 527, 531 (6th Cir. 2008) (citing *Bender v. Williamsport Arena Sch. Dist.*, 475 U.S. 543, 541, 546–47 (1986)).

2

Having reviewed Plaintiff's complaint, the Court is not satisfied of its subject-matter jurisdiction over the breach-of-contract claim. In 2014, the Court (Cox, J.) dismissed for lack of subject-matter jurisdiction a similar lawsuit brought by Detroit against Plaintiff. *See Detroit I*, ECF 11. Detroit sued Highland Park in federal court for failing to pay its sewage bills on time. *See Detroit I*, ECF I. Judge Cox dismissed the entire case, concluding that the Consent Judgment did not give the Court perpetual jurisdiction over billing disputes between the two parties. *Detroit I*, ECF 11, PgID 135.

Judge Cox construed such disputes as "garden-variety, state-law breach of contract claims" and found that over the decades between the consent judgment and 2014, the parties had "enter[ed] into different oral and written agreements." *Id.*; *see also Detroit I*, ECF 1-4, 1-5 (containing exhibits of Detroit's letter accepting Highland Park's new rate proposal in 2009 and an affidavit from DWSD's Deputy Director that Highland Park made the proposal as a way to pay its past-due arrearages). Here, Plaintiff charges that Detroit breached the Consent Judgment by charging Plaintiff higher sewage rates than those outlined in the Consent Judgment. Particularly in light of Judge Cox's finding of intervening agreements between the parties, the Court agrees that it does not retain perpetual jurisdiction over breach-of-contract claims arising out of the Consent Judgment. The Court accordingly concludes it lacks subject-matter jurisdiction over Plaintiff's ordinary breach-of-contract claim, which can effectively be resolved in state court.

II.    <u>Declaratory Judgment Claims</u>

The Declaratory Judgment Act confers upon federal courts the ability to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Courts possess "unique and substantial discretion in deciding whether to

declare the rights of litigants." *See W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Courts consider five factors in determining whether to exercise jurisdiction over a declaratory judgment action; (1) whether it would settle the controversy, (2) whether it would be useful to clarifying the parties' legal relations; (3) whether it is being used merely to create res judicata, (4) whether it would offend principles of federalism, and (5) whether there is a better, more effective remedy available. *Id.* at 759 (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554, 560 (6th Cir. 2008)). In weighing the factors, each factor is not always equally weighed. "For example, a relatively efficient declaratory judgment (factors 1, 2, and 5) could very well be inappropriate if hearing the case would be unfair (factor 3) or would offend the bundle of principles we generally label 'federalism' (factor 4)." *Western World*, 773 F.3d at 759.

Here, after weighing the factors, the Court finds that it would be unfair and offend principles of federalism to exercise jurisdiction over Plaintiff's declaratory judgment claims. Plaintiff seeks the Court's declaration that it is in compliance with the Consent Judgment and that GLWA is in contempt of court for violating the consent order. ECF 1, PgID 14, 22. A declaratory judgment would clarify the parties' legal relations and could possibly settle the controversy. Determining the declaratory judgment claims would also, however, inequitably create res judicata for Plaintiff in a pending state court action, *see* ECF 27-1,[1] and offend principles of federalism.

---

[1] The Court will not address Defendants' *Rooker-Feldman* argument or whether the state-court judgment is final. The Court cites the state court order only to demonstrate the ongoing nature of the suit as it relates to claims presented in this case.

4

Essentially, Plaintiff seeks to have the Court decide here both parties' state court breach-of-contract claims, simply clothed as a different cause of action. As discussed above, another federal court has already determined that there are intervening rate agreements between the parties and that the Consent Judgment does not create a continuous federal forum for the parties' billing disputes. *Detroit I*, ECF 11, PgID 135. As a result of that determination, the parties' billing dispute has been ongoing in state court. *See* ECF 16-8 (Detroit's amended state court complaint). The Court will not permit Plaintiff to circumvent the Court's previous, adverse decision by framing the billing dispute as a declaratory judgment action rather than a breach-of-contract claim. The declaratory judgment claims exhibit a "close nexus between underlying factual and legal issues and state law," which weighs against the Court exercising jurisdiction over the claims. *W. World*, 773 F.3d at 759 (quoting *Flowers*, 513 F.3d at 560).

Moreover, the overlap described above extends to Plaintiff's still-pending state-court counterclaim, and a declaratory judgment would therefore create res judicata for issues in the state court, which also weighs against the Court exercising jurisdiction here. Plaintiff's request that the Court enjoin collection of the monetary damages that the state court initially awarded to Defendants demonstrates the res judicata concerns that are raised in the case. ECF 1, PgID 22–23. Although the request regards alteration of the effectiveness of a past judgment, it also reflects an attempt to use a federal forum to strategically circumvent a state adjudicatory body. Furthermore, the state-court judgment was stayed in light of Plaintiff's counterclaim, which would further exacerbate the res judicata effects of any declaratory judgment entered here by the Court. Accordingly, the Court will decline to exercise its jurisdiction over the issues still pending in state court.

For the above-stated reasons, resolution by the Court of the declaratory judgment claims would present a danger to fairness and principles of federalism, which outweigh any efficiency of a declaratory judgment action. The Court will exercise its substantial discretion and decline to exercise jurisdiction over Plaintiff's declaratory judgment claims.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the case is **DISMISSED** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss [16, 17] are **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THE CASE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 29, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 29, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager